

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00232-CR
No. 02-19-00233-CR
No. 02-19-00234-CR

_____

JASON KENNETH WOOD, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 97th District Court
Montague County, Texas
Trial Court Nos. 2018-0076M-CR, 2019-0061M-CR, 2018-0075M-CR

_____

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant Jason Kenneth Wood attempts to appeal from multiple judgments, all of which resulted from plea bargains. We dismiss these appeals.

In three causes, Wood agreed to plead guilty to three counts of aggravated sexual assault of a child, *see* Tex. Penal Code Ann. § 22.021(a)(1)(B), (a)(2)(B), and one count of indecency with a child by contact, *see id.* § 21.11(a)(1). In exchange, the State agreed to recommend that the trial court assess punishment at twenty-five years' confinement for the aggravated sexual assault charges and at twenty years' confinement for the indecency charge. Wood judicially confessed and waived all pretrial motions and all rights of appeal. The trial court sentenced him in accordance with the State's recommendation, imposing the sentences in open court on April 17, 2019. The trial court's certifications state both (1) that these cases are plea-bargain cases and that Wood has no right of appeal and (2) that Wood has waived his right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d).

On June 14, 2019, Wood's trial counsel filed a notice of appeal, followed by a motion to withdraw, in each cause.[1] The trial court granted trial counsel's motions to

---

[1]In the motions, Wood's trial counsel asserted that he had received a letter from Wood asking him to file a notice of appeal in these cases. Trial counsel stated his belief that Wood's request to appeal fell outside the appellate timelines. And in the notices of appeal, trial counsel further acknowledged that Wood had "waived his right to appeal as part of his plea." In both the notices of appeal and the motions to withdraw, trial counsel stated that he filed the notices of appeal "pursuant to his obligations under" *Garza v. Idaho*, 139 S. Ct. 738 (2019).

withdraw. Beginning on June 25, 2019, this court sent three separate notices to Wood concerning these appeals. In two of the notices, we informed him of our concern that we lack jurisdiction over these appeals because his notices of appeal were not timely filed. *See* Tex. R. App. P. 26.2(a)(1). Additionally, in all three notices, we informed Wood of the trial court's certifications indicating that these cases are plea-bargain cases from which he had no right of appeal and that he had waived his right to appeal. *See* Tex. R. App. P. 25.2(a)(2). We informed Wood that we could dismiss these appeals unless he or any party desiring to continue them filed a response showing grounds for doing so. *See* Tex. R. App. P. 25.2(d), 44.3. We have not received any such response.

Our appellate jurisdiction is triggered through a timely-filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If a notice of appeal is not timely filed, we do not have jurisdiction to address the merits of the appeal and may take no action other than dismissal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). When, as here, a defendant does not timely file a motion for new trial, he must file a notice of appeal within thirty days after the date the trial court imposes sentence. Tex. R. App. P. 26.2(a). The trial court imposed the sentences in these cases on April 17, 2019. But Wood did not file his notices of appeal until June 14, 2019, more than thirty days after the sentences were imposed. Thus, Wood's notices of appeal are untimely.

But even if Wood's notices of appeal had been timely filed, we would still dismiss these appeals. In plea-bargain cases, a defendant may appeal only (1) those matters that were raised by written motion filed and ruled on before trial, (2) after getting the trial court's permission to appeal, or (3) if the specific appeal is expressly authorized by statute. Tex. R. App. P. 25.2(a)(2). Under rule 25.2, we must "dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). Here, Wood waived any pretrial motions as part of his plea bargain; the trial court's certifications show that the trial court did not give him permission to appeal; and no statute expressly authorizes these appeals.

Accordingly, because Wood's notices of appeal are untimely, and because the trial court's certifications indicate Wood has no right of appeal, we dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2), 26.2(a), 43.2(f), 44.3.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 14, 2019